MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
GABRIEL LOOR, *individually and on behalf*
*of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| JOEL ACEVEDO, | **29 U.S.C. § 216(b)** |
| *Defendant.* | |

--------------------------------------------------------X **ECF Case**

Plaintiff Gabriel Loor ("Plaintiff Loor" or "Mr. Loor"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Joel Acevedo, alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Loor is a former employee of Defendant Joel Acevedo.

2.       Defendant owns, operates, or controls a construction company, located at 373 South Broadway 4B, Yonkers, New York 10705 under the name "Atlantic Contracting of Yonkers".

3.      Upon information and belief, Defendant Joel Acevedo serves or served as owner, manager, principal, or agent of Atlantic Contracting of Yonkers and, through this corporate entity, operates or operated the construction company as a joint or unified enterprise.

4.      Plaintiff Loor was employed by Defendant as a carpenter at Atlantic Contracting of Yonkers, located at 373 South Broadway 4B, Yonkers, New York 10705, while also employed and managed by John Fitzpatrick as a carpenter at Gotham Drywall Inc. (d/b/a Gotham Drywall), located at 220 India Street, Brooklyn, New York, 11222.

5.     At all times relevant to this Complaint, Plaintiff Loor worked for Defendant in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6.     Rather, Defendant failed to pay Plaintiff Loor appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Furthermore, Defendant repeatedly failed to pay Plaintiff Loor wages on a timely basis.

8.     Defendant's conduct extended beyond Plaintiff Loor to all other similarly situated employees.

9.     At all times relevant to this Complaint, Defendant maintained a policy and practice of requiring Plaintiff Loor and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.    Plaintiff Loor now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiff Loor seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendant pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Loor's state law claims under 28 U.S.C. § 1367(a).

13.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendant maintains their corporate headquarters and offices within this district, and Defendant

operates a construction company located in this district. Further, Plaintiff Loor was employed by Defendant in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Gabriel Loor ("Plaintiff Loor" or "Mr. Loor") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Loor was employed by Defendant at Atlantic Contractor of Yonkers Inc. from approximately May 2016 until on or about October 2019.

16.     Plaintiff Loor consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendant*

17.     At all relevant times, Defendant owned, operated, or controlled a construction company, located at 373 South Broadway 4B, Yonkers, New York 10705 under the name "Atlantic Contracting of Yonkers".

18.     Upon information and belief, Atlantic Contracting of Yonkers Inc. (d/b/a Atlantic Contracting of Yonkers) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 373 South Broadway 4B, Yonkers, New York 10705.

19.     Defendant Joel Acevedo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joel Acevedo is sued individually in his capacity as owner, officer and/or agent of Atlantic Contracting of Yonkers Inc. (d/b/a Atlantic Contracting of Yonkers). Defendant Joel Acevedo possesses operational control over the corporation, an ownership interest in Defendant Corporation, and controls significant functions of the corporation. He determines the wages and compensation of its employees, including Plaintiff

Loor, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendant Possesses Control Over a Construction Company*

20.     Defendant operates a construction company located in Yonkers, New York.

21.     Defendant Joel Acevedo possesses operational control over Atlantic Contracting of Yonkers Inc. (d/b/a Atlantic Contracting of Yonkers)), possesses ownership interests in the corporation, or controls significant functions of the corporation.

22.     Defendant possessed substantial control over Plaintiff Loor's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Loor, and all similarly situated individuals, referred to herein.

23.     Upon information and belief, Defendant Joel Acevedo operates Atlantic Contracting of Yonkers Inc. (d/b/a Atlantic Contracting of Yonkers). as either an alter ego of  himself and/or fails to operate the corporation as an  entity legally separate and apart from himself, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate the corporation as a Corporation,

   b)  defectively forming or maintaining the corporate entity of the corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between himself,

   d)  operating the corporation for his own benefit as the sole or majority shareholder,

   e)  operating the corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with the corporation,

g)  diminishing and/or transferring assets of the corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

24.  At all relevant times, Defendant was Plaintiff Loor's employer within the meaning of the FLSA and New York Labor Law. Defendant had the power to hire and fire Plaintiff Loor, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Loor's services.

25.  In each year from 2016 to 2019, Defendant, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

26.  In addition, upon information and belief, Defendant and/or his enterprise was directly engaged in interstate commerce. As an example, numerous items that were used in the construction company on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

27.  Plaintiff Loor is a former employee of Defendant who was employed as a carpenter.

28.  Plaintiff Loor seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Gabriel Loor*

29.  Plaintiff Loor was employed by Defendant from approximately May 2016 until on or about October 2019.

30.  Defendant employed Plaintiff Loor as a carpenter.

31.  Plaintiff Loor regularly handled goods in interstate commerce, such as construction tools, and other supplies produced outside the State of New York.

32.  Plaintiff Loor's work duties required neither discretion nor independent judgment.

33.     Throughout his employment with Defendant, Plaintiff Loor regularly worked in excess of 40 hours per week.

34.     From approximately May 2016 until on or about June 2016, Plaintiff Loor worked from approximately 7:00 a.m. until on or about 5:30 p.m., Mondays through Fridays and from approximately 7:00 a.m. until on or about 3:30 p.m., on Saturdays, for two weeks out of the month (typically 61 hours per week).

35.     From approximately May 2016 until on or about June 2016, Plaintiff Loor worked from approximately 7:00 a.m. until on or about 3:30 p.m., Mondays through Saturdays, for two weeks out of the month (typically 51 hours per week).

36.     From approximately July 2016 until on or about August 2016, Plaintiff Loor worked from approximately 7:30 a.m. until on or about 10:00 p.m., Mondays through Fridays and from approximately 7:00 a.m. until on or about 3:30 p.m., on Saturdays (typically 81 hours per week).

37.     From approximately September 2016 until on or about October 2019, Plaintiff Loor worked from approximately 7:00 a.m. until on or about 5:30 p.m., Mondays through Fridays and from approximately 7:00 a.m. until on or about 3:30 p.m., on Saturdays, for two weeks out of the month (typically 61 hours per week).

38.     From approximately September 2016 until on or about October 2019, Plaintiff Loor worked from approximately 7:00 a.m. until on or about 3:30 p.m., Mondays through Saturdays, for two weeks out of the month (typically 51 hours per week).

39.     Throughout his employment, Defendant paid Plaintiff Loor his wages by personal check.

40.     From approximately May 2016 until on or about October 2019, Defendant paid Plaintiff Loor $28.00 per hour.

41.     Although Defendant granted Plaintiff Loor a 30-minute meal break, he constantly interrupted the breaks by requiring Plaintiff Loor to perform various work duties.

42.     Defendant took improper and illegal deductions from Plaintiff Loor's wages; specifically, Defendant deducted one hour from Plaintiff Loor's weekly wages for arriving late, regardless of the fact that he was only 10 or fewer minutes late.

43.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Loor regarding overtime and wages under the FLSA and NYLL.

44.     Defendant did not provide Plaintiff Loor an accurate statement of wages, as required by NYLL 195(3).

45.     Defendant did not give any notice to Plaintiff Loor, in English and in Spanish (Plaintiff Loor's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

46.     Defendant required Plaintiff Loor to purchase "tools of the trade" with his own funds—including a laser, a drill, a tool pouch, and tools.

*Defendant's General Employment Practices*

47.     At all times relevant to this Complaint, Defendant maintained a policy and practice of requiring Plaintiff Loor (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

48.     Plaintiff Loor was a victim of Defendant's common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

49.     Defendant paid Plaintiff Loor his wages by personal check.

50.     Defendant failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

51.     Upon information and belief, these practices by Defendant were done willfully to disguise the actual number of hours Plaintiff Loor (and similarly situated individuals) worked, and to avoid paying Plaintiff Loor properly for his full hours worked.

52.     Defendant engaged in his unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

53.     Defendant's unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Loor and other similarly situated former workers.

54.     Defendant failed to provide Plaintiff  Loor and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

55.     Defendant failed to provide Plaintiff Loor and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

56.     Plaintiff Loor brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendant, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

57.     At all relevant times, Plaintiff Loor and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendant's common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

58.     The claims of Plaintiff Loor stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

59.     Plaintiff Loor repeats and realleges all paragraphs above as though fully set forth herein.

60.     At all times relevant to this action, Defendant was Plaintiff Loor's employer (and employer of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendant had the power to hire and fire Plaintiff Loor (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

61.     At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

62.     Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

63.     Defendant, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Loor (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

64.     Defendant's failure to pay Plaintiff Loor (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

65.     Plaintiff Loor (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

66.      Plaintiff Loor repeats and realleges all paragraphs above as though fully set forth herein.

67.     Defendant, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Loor overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

68.     Defendant's failure to pay Plaintiff Loor overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

69.     Plaintiff Loor was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

70.      Plaintiff Loor repeats and realleges all paragraphs above as though fully set forth herein.

71.     Defendant failed to provide Plaintiff Loor with a written notice, in English and in Spanish (Plaintiff Loor's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

72.     Defendant is liable to Plaintiff Loor in the amount of $5,000, together with costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

73.      Plaintiff Loor repeats and realleges all paragraphs above as though fully set forth herein.

74.     With each payment of wages, Defendant failed to provide Plaintiff Loor with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

75.     Defendant is liable to Plaintiff Loor in the amount of $5,000, together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

76.     Plaintiff Loor repeats and realleges all paragraphs above as though fully set forth herein.

77.     Defendant required Plaintiff Loor to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

78.     Plaintiff Loor was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

79.     Plaintiff Loor repeats and realleges all paragraphs above as though set forth fully herein.

80.     At all relevant times, Defendant was Plaintiff Loor's employer within the meaning of the N.Y. Lab. Law §§ 2 and 651.

81.     Defendant made unlawful deductions from Plaintiff Loor's wages; specifically, Defendant deducted one hour from Plaintiff Loor's weekly wages for arriving late regardless of the timespan.

82.     The deductions made from Plaintiff Loor's wages were not authorized or required by law.

83.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Loor's wages, Defendant willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

84.     Plaintiff Loor was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

85.      Plaintiff Loor repeats and realleges all paragraphs above as though set forth fully herein.

86.      Defendant did not pay Plaintiff Loor on a regular weekly basis, in violation of NYLL §191.

87.      Defendant is liable to Plaintiff Loor in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Loor respectfully requests that this Court enter judgment against Defendant by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendant violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Loor and the FLSA Class members;

(c)      Declaring that Defendant's violations of the provisions of the FLSA were willful as to Plaintiff Loor and the FLSA Class members;

(d)      Awarding Plaintiff Loor and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)      Awarding Plaintiff Loor and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and

damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)    Declaring that Defendant violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Loor;

(g)    Declaring that Defendant's violations of the provisions of the NYLL were willful as to Plaintiff Loor;

(h)    Awarding Plaintiff Loor damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(i)    Awarding Plaintiff Loor liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(j)    Awarding Plaintiff Loor and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(k)    Awarding Plaintiff Loor and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(l)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(m)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Loor demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

January 25, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____

Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*